UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2021
```

ANTHONY G. MORTON, Individually and On Behalf of All Other Similarly Situated,

    Plaintiff,

-against-

LEIDOS HOLDINGS INC., ROGER A. KRONE, and JAMES C. REAGAN,

    Defendant.

1:21-cv-01911-MKV

ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund ("Plaintiff" or "Operating Engineers") has moved [ECF #8] for appointment as Lead Plaintiff and for designation of Block & Leviton LLP as lead counsel in this putative class action lawsuit against Defendants Leidos Holdings Inc., Roger A. Krone, James C. Reagan (together "Defendants"). Upon careful review of Plaintiff's submissions, for the reasons stated below, the Motion is GRANTED.

\*     \*     \*

On March 4, 2021, Plaintiff Anthony Morton filed against Defendants a putative class action on behalf of acquirers of Leidos securities. (*See* Complaint [ECF No. 1]). Subsequently, Plaintiffs Fred Martens and Lucretia Martens moved to serve as Lead Plaintiffs and to appoint counsel. ECF No. 5. Then, on May 3, 2021, Operating Engineers Construction Industry filed a Motion for appointment as Lead Plaintiff and for designation of Block & Leviton LLP as lead counsel. ECF No. 8. Thereafter, Plaintiffs Fred and Lucretia Martens noticed their non-opposition to Operating Engineers' lead plaintiff motion, which is therefore now unopposed. ECF No. 11.

1

While no other action asserting the same claims is currently pending, and because no other party now moves for appointment as Lead Plaintiff, the Court is nonetheless required to determine whether Operating Engineers is an appropriate plaintiff to represent the other putative class members. *See* 15 U.S.C.A. § 78u-4(a)(3)(B)(i) (The Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."). In making its determination, the Court is guided by the statutory rebuttable presumption that the most adequate plaintiff is the person that (1) has either filed the complaint or made a motion for appointment as lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted if the Court finds evidence that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him or her incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). A plaintiff appointed as the Lead Plaintiff may choose counsel to represent the class, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Based on a review of the relevant criteria and materials submitted in this case, the Court finds that Operating Engineers is the most adequate plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(i). Additionally, the Court approves Operating Engineer's choice of Block & Leviton LLP as Lead Counsel.

First, Operating Engineers' adequacy to represent the class and pursue its claims is self-evident, given that it is the only plaintiff who now seeks to serve as lead plaintiff. *See Bevinal v. Avon Prods., Inc.*, No. 19-cv-1420-CM, 2019 WL 2497739, at *1 (S.D.N.Y. June 3, 2019)

(appointing movant as lead plaintiff where "No other class member has filed a timely application for appointment as lead plaintiff").

Second, Operating Engineers' alleged loss—and therefore its financial interest in the action—is the largest among any interested class representatives. (*See* Block Decl., Ex B [ECF No. 10]). Given Operating Engineers' larger financial stake, it is presumptively the most adequate plaintiff. See *Bevinal*, 2019 WL 2497739, at *1.2

Finally, no one has submitted any evidence or argument to rebut Operating Engineers' status as the presumptive most adequate plaintiff. After reviewing Operating Engineers' application and the other filings in this case, the Court finds that Operating Engineers has made a sufficient preliminary showing that it satisfies the requirements of Rule 23. *See* Fed. R. Civ. P. 23.

Ordinarily, the Court would engage in an analysis of competing movants' losses under the factors set forth in *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which courts in this district have adopted to determine which Plaintiff has the largest financial interest. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, Case No. 18-cv-02268 (AT) (SN), 2018 WL 3093965, at *1 (S.D.N.Y. June 21, 2018). However, since Operating Engineers is the only movant here, it is presumptively the investor with the largest loss of those interested in lead plaintiff role. *Bevinal*, 2019 WL 2497739, at *2. (*See* Block Decl., Ex B [ECF No. 10]). Accordingly, the Court grants Operating Engineers' application to serve as Lead Plaintiff.

Additionally, the Court approves Operating Engineers' choice of Block & Leviton LLP to be Lead Counsel. As exhibited in Operating Engineers' submissions, Block & Leviton LLP has experience in large securities class actions, (Block Decl., Ex E [ECF No. 10]), and has also been

appointed as representation of plaintiffs in a number of other cases, including *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.).

## CONCLUSION

For the foregoing reasons, Operating Engineers' motion is GRANTED. As lead counsel, Block & Leviton LLP shall have the following responsibilities and duties, to be carried out either personally or through counsel whom the firm designates:

a. to coordinate the preparation and filings of all pleadings;

b. to coordinate the briefing and argument of any and all motions;

c. to coordinate the conduct of any and all discovery proceedings;

d. to coordinate the examination of any and all witnesses in depositions;

e. to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

f. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

g. to coordinate all settlement negotiations with counsel for Defendants;

h. to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as maybe required; and

i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in this action.

SO ORDERED

Dated: New York, New York  
July 30, 2021

_____  
MARY KAY VYSKOCIL  
United States District Judge